BENJAMIN ADAMS and
SUZANNA ADAMS,

     **Plaintiffs**

vs.

CONELIUS FLUNORY,
GUARANTEED EXPRESS, INC., and
RYDER TRUCK RENTAL, INC.,

     **Defendants**

: IN THE COURT OF COMMON PLEAS
: OF LUZERNE COUNTY
:
: CIVIL ACTION—LAW
:
: JURY TRIAL DEMANDED
:
:
:
:
:
:
: NO. *2017-07409*

FILED
PROTHONOTARY
LUZERNE COUNTY
17 JUN 16 AM 10:00

## NOTICE

 YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses and objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff(s). You may lose money or property or other rights important to you.

 YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS

## AVISO

 A USTED SE LA HA DEMANDADO EN LA CORTE. Si usted quiere defenderse contra la demanda expuesta en las siguientes páginas, tiene que tomar acción en un plazo de veinte (20) días después que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podría ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado o desagravio pedido por el/la demandante. Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

 USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UN ABOGADO. SI NO TIENE LOS FONDOS



COPY

OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

North Penn Legal Services, Inc.

33 North Main Street, Suite 200
Pittston, Pennsylvania 18640
(570) 299-4100
(877) 953-4250 (toll free)
(570) 824-0001 (fax)

101 West Broad Street, Suite 513
Hazleton, Pennsylvania 18201
(570) 455-9512
(877) 953-4250 (toll free)
(570) 455-3625 (fax)

Servicios Legales de North Penn, Inc.

33 la Calle Main del Norte, Oficina 200
Pittston, Pennsylvania 18640
(570) 299-4100
(877) 953-4250 (llamada gratuita)
(570) 824-0001 (fax)

101 la Calle Broad del Oeste, Oficina 513
Hazleton, Pennsylvania 18201
(570) 455-9512
(877) 953-4250 (llamada gratuita)
(570) 455-3625 (fax)

LAW OFFICE OF CEFALO & ASSOCIATES

BY: _____
MICHAEL J. CEFALO, ESQUIRE
ID No. PA 16061

BY: _____
GEORGE G. OSCHAL, III, ESQUIRE
ID No. PA 36799

BY: _____
ANDREW K. SHUMLAS, ESQUIRE
ID No. PA 316159
Attorneys for the Plaintiffs
309 Wyoming Avenue
West Pittston, Pennsylvania 18643
(570) 655-5555

BENJAMIN ADAMS and
SUZANNA ADAMS,

     Plaintiffs

vs.

CONELIUS FLUNORY,
GUARANTEED EXPRESS, INC., and
RYDER TRUCK RENTAL, INC.,

     Defendants

: IN THE COURT OF COMMON PLEAS
: OF LUZERNE COUNTY
:
: CIVIL ACTION—LAW
:
: JURY TRIAL DEMANDED
:
:
:
:
:
:
:
: NO. *2017-07409*

FILED
PROTHONOTARY
LUZERNE COUNTY
2017 JUN 16 AM 10: 00

## COMPLAINT

  The Plaintiffs, by and through their attorneys, Cefalo & Associates, hereby bring

Complaint against the Defendant and represent as follows:

  1.  The Plaintiffs, Benjamin Adams and Suzanna Adams, are adult individuals,

husband and wife, who reside at 29 Neville Road, Moscow, Lackawanna County,

Pennsylvania.

  2.  It is believed and therefore averred that the Defendant, Conelius Flunory, is an

adult individual who resides at 1360 Glyndon Drive, Virginia Beach, Virginia 23464.

  3.  It is believed and therefore averred that the Defendant, Guaranteed Express,

Inc., is a Delaware corporation or other business entity with a registered agent at The

Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4.      It is believed and therefore averred that the Defendant, Ryder Truck Rental, Inc., is a Florida corporation or other business entity with a place of business at 11690 NW 105th Street, Miami, Florida 33178.

5.      It is believed and therefore averred that on October 25, 2015, the Defendant, Conelius Flunory, was the operator of a 2014 Freightliner Tractor-Trailer bearing Indiana vehicle registration number 2315182 (hereinafter referred to as the Tractor-Trailer).

6.      It is believed and therefore averred that on October 25, 2015, the Defendant, Ryder Truck Rental, Inc., was the owner of the Tractor-Trailer.

7.      It is believed and therefore averred that on October 25, 2015, the Defendant, Guaranteed Express, Inc., was the lessee of the Tractor-Trailer.

8.      It is believed and therefore averred that on October 25, 2015, the Defendant, Guaranteed Express, Inc., was in possession and control of the Tractor-Trailer.

9.      It is believed and therefore averred that on October 25, 2015, the Defendant, Guaranteed Express, Inc., was the employer of the Defendant, Conelius Flunory.

10.     It is believed and therefore averred that on October 25, 2015, the Defendant, Conelius Flunory, was operating the Tractor-Trailer with the implied and/or express permission of the Defendant, Guaranteed Express, Inc., as an agent or employee.

11.     It is believed and therefore averred that at all times relevant hereto on October 25, 2015, the Defendant, Conelius Flunory, was in the course and scope of his employment with the Defendant, Guaranteed Express, Inc.

12.    On October 25, 2015, the Plaintiff, Benjamin Adams, was the owner/operator of a 2011 Jeep Liberty bearing Pennsylvania vehicle registration number HMR-8541, which was towing a utility trailer (hereinafter referred to as the Jeep).

13.    It is believed and therefore averred that on October 25, 2015, the Defendant, Conelius Flunory, was operating the Tractor-Trailer on Interstate 80 eastbound, Black Creek Township, Luzerne County, Pennsylvania, near Mile Marker 250.

14.    On October 25, 2015, the Plaintiff, Benjamin Adams, was operating the Jeep on Interstate 80 eastbound, Black Creek Township, Luzerne County, Pennsylvania, near Mile Marker 250, behind the Tractor-Trailer.

15.    It is believed and therefore averred that on October 25, 2015, the Defendant, Conelius Flunory, crashed the Tractor-Trailer into a guardrail on Interstate 80, causing the Tractor-Trailer to fall onto its side and block both lanes of Interstate 80.

16.    The Plaintiff, Benjamin Adams, was not able to stop in time to avoid the Tractor-Trailer on its side in the dark blocking Interstate 80 and crashed into the Tractor-Trailer.

## FIRST CAUSE OF ACTION

### NEGLIGENCE OF THE DEFENDANT, CONELIUS FLUNORY

17.    Paragraphs 1 through 16 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

18.    It is believed and therefore averred that the negligence of the Defendant, Conelius Flunory, consisted of the following:

    a.    Operating the Tractor-Trailer without sufficient regard for the rights and safety of others and in such a manner as to endanger and injure the Plaintiff;

    b.    Failing to have the Tractor-Trailer under proper and adequate control under the circumstances existing at the time;

    c.    Operating the Tractor-Trailer at an unsafe speed under the circumstances then and there existing;

    d.    Crashing into the guardrail;

    e.    Causing the Tractor-Trailer to fall onto its side;

    f.    Creating a sudden emergency by blocking both lanes of Interstate 80;

    g.    Driving inattentively;

    h.    Causing the Jeep to crash into the Tractor-Trailer; and

    i.    Operating the Tractor-Trailer with disregard for the rules of the road and the laws of the Commonwealth of Pennsylvania.

## COUNT I

BENJAMIN ADAMS                    vs.                    CONELIUS FLUNORY

19.    Paragraphs 1 through 18 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

20.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, suffered injuries including, but not necessarily limited to, the following:

     a.     Neck injury and pain;

     b.     Back injury and pain;

     c.     Left arm injury, pain, and swelling;

     d.     Left leg injury, pain, and abrasion;

     e.     Left ankle injury, pain, sprain, and swelling;

     f.     Right ankle injury, pain, sprain, and swelling;

     g.     Headaches; and

     h.     General loss of well-being.

21.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has suffered from and may continue to suffer from pain, discomfort, frustration, and anxiety, claim for which is herein made.

22.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has been unable to perform fully certain usual and customary activities of daily living, claim for which is herein made.

23.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has been deprived of certain usual enjoyments of life, society, family, and recreation and may be so deprived in the future, claim for which is herein made.

24.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has been forced to undergo treatment and care including, but not limited to, the following:

a.    Emergency medical treatment at the scene;

b.    Ambulance transport;

c.    Emergency room treatment;

d.    Diagnostic testing;

e.    Medications;

f.    Cam walker boot; and

g.    Various medical services.

25.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has been obliged and may be obliged in the future to receive and to undergo medical attention and care and to expend various sums of money or to incur various expenses, claim for which is herein made.

26.    On October 25, 2015, the Plaintiff, Benjamin Adams, was the owner and operator of a janitorial service company. It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has suffered a loss of earnings and/or an impairment of his earning capacity and/or future loss or future impairment of earning capacity, claim for which is herein made.

27.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, has suffered property damage to his Jeep, trailer, and the contents of the trailer, and he has incurred incidental, consequential, and related expenses. Claim is herein made for all unreimbursed property loss and all reasonable related expenses.

WHEREFORE, the Plaintiff, Benjamin Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Conelius Flunory, plus interest and costs of this suit.

## COUNT II

SUZANNA ADAMS                          vs.                  CONELIUS FLUNORY


28.    Paragraphs 1 through 27 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

29.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Suzanna Adams, has suffered a loss of consortium of her husband, claim for which is herein made.

WHEREFORE, the Plaintiff, Suzanna Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Conelius Flunory, plus interest and costs of this suit.

SECOND CAUSE OF ACTION

VICARIOUS LIABILITY OF THE DEFENDANT, GUARANTEED EXPRESS, INC.

30.     Paragraphs 1 through 29 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

31.     It is believed and therefore averred that the negligence of the Defendant, Conelius Flunory, were committed at a time when said Defendant was an agent and/or employee and/or representative of the Defendant, Guaranteed Express, Inc., and the Defendant, Guaranteed Express, Inc., is vicariously liable to the Plaintiffs.

COUNT I

BENJAMIN ADAMS               vs.    GUARANTEED EXPRESS, INC.

32.     Paragraphs 1 through 31 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

33.     It is believed and therefore averred that as a result of the Defendant's vicarious negligence, the Plaintiff, Benjamin Adams, suffered injuries and losses as more fully set forth in paragraphs 20 through 27 of this Complaint, which are incorporated herein by reference thereto as though same were set forth fully herein at length.

WHEREFORE, the Plaintiff, Benjamin Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Guaranteed Express, Inc., plus interest and costs of this suit.

## COUNT II

**SUZANNA ADAMS**                    vs.    **GUARANTEED EXPRESS, INC.**

34.     Paragraphs 1 through 33 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

35.     It is believed and therefore averred that as a result of the Defendant's vicarious negligence, the Plaintiff, Suzanna Adams, has suffered a loss of consortium of her husband, claim for which is herein made.

WHEREFORE, the Plaintiff, Suzanna Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Guaranteed Express, Inc., plus interest and costs of this suit.

## THIRD CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT OF THE DEFENDANT, GUARANTEED EXPRESS, INC.

36.     Paragraphs 1 through 35 of this complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

37.    It is believed and therefore averred that the negligence of the Defendant, Guaranteed Express, Inc., includes, but is not necessarily limited to the following as discovery may show:

    a.    Negligently entrusting the Defendant, Conelius Flunory, with the Tractor-Trailer when it knew or should have known that he lacked sufficient rest, skill, judgment, and prudence in the operation of a motor vehicle;

    b.    Failing to fully and adequately instruct the Defendant, Conelius Flunory, in the safe operation of the motor vehicle prior to entrusting him with the Tractor-Trailer;

    c.    Failing to prevent the Defendant, Conelius Flunory, from operating the Tractor-Trailer until he had sufficient ability and safety maturity to operate the Tractor-Trailer safely; and

    d.    Failing to adequately ascertain that the Defendant, Conelius Flunory, lacked the ability necessary to safely operate the Tractor-Trailer under the circumstances.

## COUNT I

BENJAMIN ADAMS          vs.    GUARANTEED EXPRESS, INC.

38.    Paragraphs 1 through 37 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

39.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, suffered injuries and losses as more fully set forth

in paragraphs 20 through 27 of this Complaint, which are incorporated herein by reference thereto as though same were set forth fully herein at length.

WHEREFORE, the Plaintiff, Benjamin Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Guaranteed Express, Inc., plus interest and costs of this suit.

## COUNT II

SUZANNA ADAMS                    vs.    GUARANTEED EXPRESS, INC.

40.     Paragraphs 1 through 39 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

41.     It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Suzanna Adams, has suffered a loss of consortium of her husband, claim for which is herein made.

WHEREFORE, the Plaintiff, Suzanna Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Guaranteed Express, Inc., plus interest and costs of this suit.

## FOURTH CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT OF THE DEFENDANT, RYDER TRUCK RENTAL, INC.

42.     Paragraphs 1 through 41 of this complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

43.     It is believed and therefore averred that the negligence of the Defendant, Ryder Truck Rental, Inc., includes, but is not necessarily limited to the following as discovery may show:

    a.     Negligently entrusting the Defendant, Conelius Flunory, with the Tractor-Trailer when it knew or should have known that he lacked sufficient rest, skill, judgment, and prudence in the operation of a motor vehicle;

    b.     Failing to fully and adequately instruct the Defendant, Conelius Flunory, in the safe operation of the motor vehicle prior to entrusting him with the Tractor-Trailer;

    c.     Failing to prevent the Defendant, Conelius Flunory, from operating the Tractor-Trailer until he had sufficient ability and safety maturity to operate the Tractor-Trailer safely; and

    d.     Failing to adequately ascertain that the Defendant, Conelius Flunory, lacked the ability necessary to safely operate the Tractor-Trailer under the circumstances.

## COUNT I

BENJAMIN ADAMS                    vs.    RYDER TRUCK RENTAL, INC.


44.    Paragraphs 1 through 43 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

45.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Benjamin Adams, suffered injuries and losses as more fully set forth in paragraphs 20 through 27 of this Complaint, which are incorporated herein by reference thereto as though same were set forth fully herein at length.

WHEREFORE, the Plaintiff, Benjamin Adams, demands an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from the Defendant, Ryder Truck Rental, Inc., plus interest and costs of this suit.


## COUNT II

SUZANNA ADAMS                    vs.    RYDER TRUCK RENTAL, INC.


46.    Paragraphs 1 through 45 of this Complaint are incorporated herein by reference thereto as fully as though same were set forth herein at length.

47.    It is believed and therefore averred that as a result of the Defendant's negligence, the Plaintiff, Suzanna Adams, has suffered a loss of consortium of her husband, claim for which is herein made.

WHEREFORE, the Plaintiff, Suzanna Adams, demands an unliquidated sum in

excess of the jurisdictional requirements for mandatory arbitration from the Defendant,

Ryder Truck Rental, Inc., plus interest and costs of this suit.

LAW OFFICE OF CEFALO & ASSOCIATES

BY: _____
MICHAEL J. CEFALO, ESQUIRE
ID No. PA 16061

BY: _____
GEORGE G. OSCHAL, III, ESQUIRE
ID No. PA 36799

BY: _____
ANDREW K. SHUMLAS, ESQUIRE
ID No. PA 316159
Attorneys for the Plaintiffs
309 Wyoming Avenue
West Pittston, Pennsylvania 18643
(570) 655-5555

## **VERIFICATION**

We, BENJAMIN ADAMS and SUZANNA ADAMS, Plaintiffs, hereby depose and say that the facts contained in the attached COMPLAINT are true and correct to the best of our knowledge, information, and belief and made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.

BENJAMIN ADAMS

SUZANNA ADAMS

DATE:  6 - 7 - 17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| BENJAMIN ADAMS, and | | : | CIVIL ACTION - LAW |
| SUZANNA ADAMS | Plaintiffs | : | |
| v. | | : | NO. |
| | | : | JURY TRIAL DEMANDED |
| CONELIUS FLUNORY and | | : | |
| GUARANTEED EXPRESS INCORPORATED | | : | |
| and RYDER TRUCK RENTAL, INC. | | : | |
| | Defendants | : | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   ANDREW K. SHUMLAS, Esquire
LAW OFFICES OF CEFALO & ASSOCIATES
309 Wyoming Avenue
West Pittston, Pennsylvania 18643
*Attorney for Plaintiffs*

**PLEASE TAKE NOTICE** that, Defendants, Conelius Flunory and Guaranteed

Express, Incorporated, in the matter of Benjamin Adams and Suzanna Adams v. Conelius

Flunory, Guaranteed Express, Incorporated and Ryder Truck Rental, Inc., originally

pending in the Court of Common Pleas in the County of Luzerne, Pennsylvania, under

No. 07409 of 2017, hereby file in the United States District Court for the Middle District

of Pennsylvania, their Notice of Removal of said cause to the Middle District of

Pennsylvania. A true and correct copy of the Notice of Removal is attached hereto and

served herewith.

KELLY GRIMES PIETRANGELO & VAKIL, P.C.

DATE:

DONALD M. GRIMES, ESQUIRE
36 EAST SECOND STREET
P.O. BOX 1048
MEDIA, PA 19063
(610) 565-0600
Counsel for Defendants, Conelius Flunory and
Guaranteed Express, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


BENJAMIN ADAMS, and            :      CIVIL ACTION - LAW
SUZANNA ADAMS        Plaintiffs :
                   v.           :      NO.
                                :      JURY TRIAL DEMANDED
CONELIUS FLUNORY and           :
GUARANTEED EXPRESS INCORPORATED :
andRYDER TRUCK RENTAL, INC.     :
                    Defendants  :


## **PROOF OF FILING**

I, Donald M. Grimes, Esquire, hereby certify that a copy of the foregoing Notice

for Removal has been filed with the Prothonotary of the Court of Common Pleas of

Luzerne County.


Date:                          KELLY GRIMES PIETRANGELO & VAKIL, P.C.


                               _____
                               DONALD M. GRIMES, ESQUIRE
                               36 EAST SECOND STREET
                               P.O. BOX 1048
                               MEDIA, PA 19063
                               (610) 565-0600
                               COUNSEL FOR DEFENDANTS, CONELIUS
                               FLUNORY AND GUARANTEED EXPRESS
                               INCORPORATED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN ADAMS, and           :     CIVIL ACTION - LAW
SUZANNA ADAMS     Plaintiffs  :
           v.              :     NO.
                           :     JURY TRIAL DEMANDED
CONELIUS FLUNORY and         :
GUARANTEED EXPRESS INCORPORATED :
andRYDER TRUCK RENTAL, INC.   :
              Defendants  :

## AFFIDAVIT

Donald M. Grimes, Esquire, being sworn according to law deposes and says that

he is counsel for Defendants, Conelius Flunory and Guaranteed Express Incorporated, in

the within matter; and that he has read the foregoing Notice for Removal and believes it

to be true and correct, to the best of his knowledge, information and belief.


Date:                KELLY GRIMES PIETRANGELO & VAKIL, P.C.

DONALD M. GRIMES, ESQUIRE
36 EAST SECOND STREET
P.O. BOX 1048
MEDIA, PA 19063
(610) 565-0600
COUNSEL FOR DEFENDANTS, CONELIUS
FLUNORY AND GUARANTEED EXPRESS
INCORPORATED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN ADAMS, and           :     CIVIL ACTION - LAW
SUZANNA ADAMS      Plaintiffs   :
             v.                  :
                                :     JURY TRIAL DEMANDED
CONELIUS FLUNORY and          :
GUARANTEED EXPRESS INCORPORATED :
andRYDER TRUCK RENTAL, INC.     :
                 Defendants   :

## CERTIFICATE OF SERVICE

I, Donald M. Grimes, Esquire, hereby certify that on this ___ day of July, 2017, I

served a true and correct copy of **Defendants' Notice and Petition for Removal** to

counsel for the Plaintiffs via First Class, U.S. Mail, with postage pre-paid:

ANDREW K. SHUMLAS, Esquire
LAW OFFICES OF CEFALO & ASSOCIATES
309 Wyoming Avenue
West Pittston, Pennsylvania 18643
*Attorney for Plaintiffs*
***COUNSEL FOR PLAINTIFFS***

KELLY GRIMES PIETRANGELO & VAKIL, P.C.

DATE: _____     BY: 

**DONALD M. GRIMES, ESQUIRE**
COUNSEL FOR DEFENDANTS,
CONELIUS FLUNORY AND GUARANTEED EXPRESS
INCORPORATED